

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-5-2003

# Miller v. Berry Metal Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1333

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Miller v. Berry Metal Co" (2003). *2003 Decisions*. Paper 134.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/134

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-1333
_____

BERNARD M. MILLER, JR.,
                    Appellant

v.

BERRY METAL COMPANY


_____

Appeal from the United States District Court
For the Western District of Pennsylvania
D.C. No.: 01-cv-01988
District Judge: Honorable Gary L. Lancaster
_____

Submitted Under Third Circuit LAR 34.1(a) October 22, 2003


Before: ALITO, FUENTES, and ROSENN, Circuit Judges.

(Filed November 5, 2003)


_____

OPINION OF THE COURT
_____

ROSENN, Circuit Judge.

       This appeal arises from an age discrimination suit brought by Bernard Miller

("Miller") against his former employer, Berry Metal Company ("Berry" or "the

Company"). The District Court adopted the Magistrate Judge's Report and

Recommendation as its opinion, granting the Company's motion for summary judgment.

We affirm.

I.

The history of the underlying action is known by the parties; we will state only the

facts necessary to support our reasoning and decision.

Miller began his employment in the Company's machine shop in 1994 as a class 6

machinist. He maintained this same position until he was laid off in January of 2001, at

age 52. Miller was diagnosed with fybromyalgia and Raynauds in 1998, causing him to

take extended sick leave from August of 1998 until June of 1999. Upon his return, Miller

worked for three days, but then returned to extended sick leave until November of 2000.

Miller operated manual machines during his time of employment at the Company.

The Company owned and operated one computer numeric controlled machine ("CNC")

when Miller was initially hired, and added two other CNCs between August of 1998 and

June of 1999, while Miller was on sick leave. In order to operate the CNCs, machinists

must be trained by an experienced operator for one month, followed by close supervision

for another two months. Miller testified that he never asked to be trained on the CNCs

prior to his return from sick leave in November of 2000.[1] Upon return, Miller asked his

---

[1] Appellant's brief asserts that Miller requested training on the computerized
machinery before his medical leave in 1999, contradicting the finding of the District
Court. Appl't's Br. at 4. Yet, the District Court's finding was based on Appellant's own
testimony, and Appellant points to no factual support in the record for this new assertion.

supervisor, Mr. Koppel, if he could be trained on the CNCs. But, the Company asserted that while Miller was on sick leave, the Company trained several employees to operate the CNCs, and it had no need for additional CNC operators at that time.

Upon termination, Miller brought suit against the Company under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111, *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa.C.S.A. § 951, *et seq.* Miller consented to the dismissal of his ADA and PHRA claims, leaving only the ADEA claim for review upon appeal. The District Court had federal question jurisdiction over this claim pursuant to 28 U.S.C. § 1331. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

II.

In an appeal of an order of summary judgment, this court's review is plenary. See Nathanson v. Medical College of Pennsylvania, 926 F.2d 1368, 1380 (3d Cir. 1991). Summary judgment may be granted if there is "no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. V. Catrett, 477 U.S. 317 (1986).

Appellant claims that he successfully established a *prima facie* case of age discrimination under the ADEA. To establish a *prima facie* case of age discrimination, a plaintiff must demonstrate that he or she (1) was a member of the protected age class

3

(over 40); (2) was qualified to hold the position; (3) suffered an adverse employment decision; and (4) was replaced by a significantly younger individual to permit an inference of discrimination. See Brewer v. Quaker State Oil Refining Corp., 72 F.3d 326, 330 (3d Cir. 1995). There is no dispute over the first two elements of Miller's *prima facie* case. However, regarding the third and fourth elements, Miller argues that the Company's failure to train him to operate the CNCs, while younger employees were trained, constituted adverse action resulting in his being replace by younger workers. Appellant does not argue upon appeal that the layoff itself was the adverse action, but rather that by failing to train him, he was left in a less skilled class that was eventually subject to layoffs.

Miller's arguments raised upon appeal fail to address the primary point that Miller was not present during the two year period when the Company was actively training CNC operators. The Company legitimately claimed that it had trained a sufficient number of employees prior to Miller's return in November 2000 to meet its staffing needs for CNC machines. No other younger employees were offered training in place of Miller during the two month period between Miller's return to work and the eventual layoffs.

In fashioning his argument, Miller points out that the training was not offered in a class setting, but was performed at different times on an ongoing basis, presumptively indicating that it would not have been burdensome for the Company to train him. Yet, the District Court found that while training may have been possible, the Company already

4

had trained a sufficient work force for its three CNC machines and did not need another trainee. Next, Miller argues that Richter, a younger employee working as a class 6 machinist (the same level as Miller) was offered training while Miller was denied. Yet, Richter, regardless of his age or class, was available when the Company decided that it needed more CNC operators; Miller was not.

Miller's most emphatic argument arises from the testimony of Mr. Lindner, who was slightly older than Miller. The record shows, and the District Court acknowledged, that Lindner allegedly requested CNC training, but was told by a member of the Company's management that he was too old. Appellee notes that this comment was likely made in jest, given that Lindner was the union president and both parties to the conversation laughed at the comment. Yet, even if this court draws an inference from this statement in the light most favorable to Appellant and assumes that Lindner was subjected to age discrimination, that does not affect the court's analysis of Miller's *prima facie* case. See Weldon v. Kraft, Inc., 896 F.2d 793, 797 (3d Cir. 1990)(noting that when reviewing summary judgment, all evidence must be reviewed in the light most favorable to the non-moving party). Miller was absent while training was offered, and therefore cannot show that he was denied training based on *his* age. Miller cannot base his initial *prima facie* claim on comments that were made to another employee a year prior. See Ezold v. Wolf, Block, Schorr, and Solis-Cohen, 983 F.2d 509, 545 (3d Cir. 1992) ("Stray remarks by non-decisionmakers or by decisionmakers unrelated to the decision process

5

are rarely given great weight, particularly if they were made temporally remote from the date of decision."). If Miller had been able to establish a *prima facie* case of age discrimination based on his personal experience with the Company, then Lindner's experience may have been relevant evidence to present to a jury to show the company's past inclinations or practices. But, without making a *prima facie* case based on Miller's *own experience*, he cannot proceed to the next phase of the litigation.

III.

The District Court found that even if a *prima facie* case is presumed, summary judgment is still appropriate because Miller failed to show that the Company's justifications were pretext. We agree. In cases where a plaintiff is able to establish a *prima facie* case through circumstantial evidence, courts undertake the burden shifting analysis established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under this analysis, once a plaintiff has established a *prima facie* case, the burden switches to the defendant to provide a legitimate non-discriminatory justification for the employment decision. See Sempier v. Johnson & Higgins, 45 F.3d 724, 728 (3d Cir.), cert. denied, 515 U.S. 1159 (1995). If the defendant provides such a justification, then the burden switches back to the plaintiff to show by a preponderance of the evidence that the proffered justification is in fact pretext for discrimination. See Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir. 1994).

In justifying its actions, the Company reiterated that Miller was denied training

6

not because of his age, but because business was slowing, and the Company already had trained a sufficient work force to operate its CNC machines. Furthermore, when the Company began layoffs, the class 6 machinists who primarily performed manual labor were the first group to be let go. This group included Miller, along with some other younger employees such as Richter.

To show the Company's explanation to be pretext, Miller must produce some direct or circumstantial evidence from which a reasonable fact finder could either (1) disbelieve the employer's legitimate justification, or (2) believe that an invidious discriminatory intent was more likely than not the Company's true motivation. See Fuentes, 32 F.3d at 764. Miller has failed to meet either standard.

Regarding pretext, Miller first argues that because the Company was still using CNC machines in 2000 when Miller requested training, there must have been a need for more trained employees. The facts simply do not support his claim. In November of 2000 when Miller returned to work, the Company was experiencing a downturn in business that would require layoffs within the next two months. It is unreasonable to assert under these circumstances that simply because the Company had CNC machines, it needed to train a larger workforce to operate them.

Miller next addresses several issues that were raised during depositions with Company managers, including whether Miller's supervisor, Koppel, was qualified to train him and whether the management thought that Miller was content working on manual

7

machines. These arguments do not address the Company's legitimate justifications for refusing training and eventually laying off Miller. The District Court found that the Company's managers offered consistent testimony on this point, and Miller's argument about these other matters does nothing to cast doubt upon the Company's legitimate justifications for its actions. We agree.

## IV.

Accordingly, the judgment and order of the District Court will be affirmed. Each side to bear its own costs.

TO THE CLERK:

Please file the foregoing opinion.

_____   /s/ Max Rosenn, Circuit Judge

9